UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cr-00412-CDP-SPM |
| | ) | |
| TORION CASTON, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree as follows:

### 1. PARTIES

The parties are the defendant Torion Caston, represented by defense counsel Mark J. Byrne, and the United States of America (hereinafter "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the Defendant's voluntary plea of guilty to Count I (Felon in Possession of a Firearm), Count II (Possession with Intent to Distribute Fentanyl), and Count III (Possession with Intent to Distribute Cocaine Base) of the Indictment, the Government agrees that no further federal prosecution will be brought in this District relative to the Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the Indictment.

1

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties agree that the parties jointly recommend a sentence of 72 months. The parties further recommend that any sentence imposed in this case run concurrent to any sentence that may be imposed for the Defendant's violations of the terms of his supervised release in Case No. 4:19-cr-00191-JAR. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendation agreed to in this document.

3.     **ELEMENTS**

A.     **Count I:** As to Count I, the Defendant admits to knowingly violating Title 18, United States Code, Section 922(g)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

(i)     The Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

(ii)     The Defendant, thereafter, knowingly possessed a firearm;

(iii)     At the time the Defendant knowingly possessed a firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

(iv)     The firearm was transported across a state line at some point during or before the Defendant's possession of it.

B.     **Count II:** As to Count II, the Defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(i)     The Defendant was in possession of a mixture or substance containing fentanyl, a Schedule II controlled substance drug;

2

**(ii)** The Defendant knew that he was in possession of a mixture or substance containing fentanyl; and,

**(iii)** The Defendant intended to distribute some or all of the mixture or substance containing fentanyl to another person.

**C.** **Count III:** As to Count III, the Defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

**(i)** The Defendant was in possession of a mixture or substance containing cocaine base, a Schedule II controlled substance drug;

**(ii)** The Defendant knew that he was in possession of a mixture or substance containing cocaine base; and,

**(iii)** The Defendant intended to distribute some or all of the mixture or substance containing cocaine base to another person.

**4.** **FACTS**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

The Defendant is currently in custody awaiting a final supervised release revocation hearing release following a 36-month sentence for the offense of Felon in Possession of a Firearm. *See* Case No. 4:19-CR-00191-JAR. The Defendant's three-year term of supervised release began on September 23, 2021, and was due to expire on September 22, 2024.

3

On March 12, 2022, a Berkeley police officer was on patrol near 8601 Airport Road in Berkeley, Missouri 63134 in the Eastern District of Missouri when he observed the driver of a grey Infiniti, later identified as the Defendant, conduct what he believed to be a hand-to-hand drug transaction in a parking lot. The officer attempted to stop the Infiniti but gave up on a pursuit once it sped away. Shortly thereafter, the Infiniti crashed in a yard at 6140 Garfield after hitting another car.

A witness told the officer that he observed the driver of the Infiniti fleeing the scene and indicated the general direction. Upon searching the area, the officer spotted the Defendant hiding behind a nearby vehicle. The officer arrested the Defendant after a physical struggle which required the officer to use his baton for his safety. During the arrest, the Defendant attempted to throw away a satchel. Inside of the satchel, the officer discovered a black Glock 20 (serial number: BPFB545) with fifteen rounds in the magazine and one in the chamber.

During a search of the Infiniti that the Defendant crashed, the officer also found a bag of suspected fentanyl pills and a bag of suspected crack cocaine lying in plain view in the center console. A search incident to arrest revealed that the Defendant had $716 on him. An ambulance transported the Defendant to the hospital. When the ambulance arrived at the hospital, the Defendant again attempted to flee but was caught by a patrol officer.

Following a waiver of his Miranda rights, the Defendant admitted to fleeing from police in the Infiniti after completing a drug sale and to grabbing the gun from the car before fleeing by foot. According to the Defendant, he ran because he was currently on federal supervision and was hoping to avoid federal prison.

The gun that the Defendant knowingly possessed was determined by an expert firearms examiner to have been manufactured outside the State of Missouri, and, therefore, the gun had been transported across state lines and in interstate commerce prior to or during Defendant's possession of it. The handgun can expel a projectile by the action of an explosive and is, therefore, a "firearm" as defined under federal law.

Prior to March 12, 2022, the Defendant was convicted of at least one felony crime punishable by imprisonment for a term exceeding one year. At the time the Defendant possessed the firearm, he knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year.

The suspected controlled substances were submitted to and analyzed by an expert criminalist with the St. Louis County Police Department Crime Laboratory. The suspected controlled substances were confirmed to be cocaine base and fentanyl, Schedule II drugs. The lab determined the total weight of the cocaine base was 15.132 grams. The lab further determined that the 58 capsules of fentanyl weighed .064 grams per pill, or a total of 3.712 grams. The Defendant knew the substances were controlled substances. The Defendant intended to distribute the cocaine base because he admittedly fled from police following a completed drug sale and also because of the large quantity of cocaine base and fentanyl in his possession and the manner in which the drugs were packaged. The Defendant admits knowingly possessing these controlled substances with the intent to distribute some or all of them to another individual.

5.   **STATUTORY PENALTIES**

   A.   **Statutory Penalties**:  The Defendant fully understands that the maximum possible penalty provided by law for the crimes to which the Defendant is pleading guilty are:

(i)    **Count I (Felon in Possession of a Firearm)**:  Imprisonment of not more than ten years, a fine of not more than $250,000, or both such imprisonment and fine.  The Court also may impose a period of supervised release of not more than three years.

In certain situations, under Title 18, United States Code, Section 924(e) (Armed Career Criminal), the Defendant may be subject to a mandatory minimum sentence of 15 years and a maximum sentence greater than described above.  The Defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines the foregoing statute applies to the Defendant's sentence.  However, both parties retain the right to litigate whether Section 924(e) applies to the Defendant's sentence.

(ii)    **Count II (Possession with Intent to Distribute Fentanyl):** Imprisonment of no more than twenty years, a fine of not more than $1,000,000, or both such imprisonment and fine. The Court shall impose a period of supervised release of at least three years.

(iii)    **Count III (Possession with Intent to Distribute Cocaine Base):** Imprisonment of no more than twenty years, a fine of not more than $1,000,000, or both such imprisonment and fine.  The Court shall impose a period of supervised release of at least three years.

6.    **U.S. SENTENCING GUIDELINES: 2021 MANUAL**

The Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply:

A.    **Offense Conduct:**

**COUNT I**

## FELON IN POSSESSION OF A FIREARM

(i)     **Chapter 2 Offense Conduct**:

(a)     **Base Offense Level**:  The parties agree that the Base Offense Level is found in Section 2K2.1(a) and depends on, among other things, the nature of the Defendant's criminal history and the characteristics of the firearm.  The Base Offense Level may also be determined under Section 4B1.4 if Defendant is determined to be an Armed Career Criminal.

(b)     **Specific Offense Characteristics**:    The parties agree that the following Specific Offense Characteristics apply: four level increase pursuant to Section 2K2.1(b)(6)(B).

(ii)    **Chapter 3 and 4 Adjustments**:

(a)     **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because the Defendant has clearly demonstrated acceptance of responsibility.  If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, and the Defendant is otherwise eligible, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because the Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if the Defendant does not abide by all of the agreements made within this document, the Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1.  The parties further agree that the Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of the Defendant which occur

or which become known to the United States subsequent to this agreement and are inconsistent with the Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

**(b)** **Other Adjustments:** The parties have no further agreement regarding any other adjustments.

**COUNTS II & III**
**POSSESSION WITH INTENT TO DISTRIBUTE FENTANYL AND COCAINE BASE**

**(i)** **Chapter 2 Offense Conduct**:

**(a)** **Base Offense Level**: The parties agree that the base offense level is twenty, as found in Section 2D1.1(c)(10). The parties agree that the Defendant is accountable for approximately 63.32 kilograms of converted drug weight based on the quantity of fentanyl and cocaine base in his possession, resulting in the agreed Base Offense Level.

**(b)** **Specific Offense Characteristics**: The parties agree that the following Specific Offense Characteristics apply: two level increase pursuant to §2D1.1(b)(1) because a firearm was possessed.

**(ii)** **Chapter 3 and 4 Adjustments**:

**(a)** **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because the Defendant has clearly demonstrated acceptance of responsibility. If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, and the Defendant is otherwise eligible, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section

3E1.1(b)(2), because the Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if the Defendant does not abide by all of the agreements made within this document, the Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that the Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of the Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with the Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

**(b)** **Other Adjustments:** The parties have no further agreement regarding any other adjustments.

**B.** **Estimated Total Offense Level:** Based on these recommendations, the parties estimate that the Total Offense Levels are as follows:

**(i)** **Count I:** The parties agree that the Total Offense Level will depend on the Base Offense Level determined pursuant to Section 2K2.1(a), along with other relevant factors stated above, unless Defendant is an Armed Career Criminal. Depending on the underlying offense and the Defendant's criminal history, the Defendant could be an Armed Career Criminal pursuant to Title 18, United States Code, Section 924(e) and Section 4B1.4. If the Court finds the Defendant is an Armed Career Criminal, the Total Offense Level may be higher and the Criminal

9

History Category may be as high as Category VI. The Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the Defendant is or is not an Armed Career Criminal.

> (ii)   **Counts II and III**:   The parties estimate that the Total Offense Level for Counts II and III is nineteen, unless the Defendant is a Career Offender. Depending on the underlying offense and the Defendant's criminal history, the Defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds the Defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. The Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the Defendant is or is not a Career Offender.

C.   **Criminal History:**   The determination of the Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable category. The Defendant's criminal history is known to the Defendant and is substantially available in the Pretrial Services Report.

D.   **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

10

7.    **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**

　　**a. Appeal:**  The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

　　**(1) Non-Sentencing Issues:**  The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which the Defendant is pleading guilty, and whether the Defendant's conduct falls within the scope of the statute(s).

　　**(2) Sentencing Issues:**  In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining the applicable Sentencing Guidelines range, sentences the Defendant within or below that range, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, adopts the agreed Total Offense Level, and sentences the Defendant within or above that range.

　　**b. Habeas Corpus:**  The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

　　**c. Right to Records:**  The Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought

11

under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy

Act, Title 5, United States Code, Section 552(a).

8.     **OTHER**

    a. **Disclosures Required by the United States Probation Office:** The Defendant agrees

to truthfully complete and sign forms as required by the United States Probation Office prior to

sentencing and consents to the release of these forms and any supporting documentation by the

United States Probation Office to the Government.

    b. **Civil or Administrative Actions not Barred; Effect on Other Government Agencies:**

Nothing contained herein limits the rights and authority of the United States to take any civil, tax,

immigration/deportation, or administrative action against the Defendant.

    c. **Supervised Release:**  Pursuant to any supervised release term, the Court will impose

standard conditions upon the Defendant and may impose special conditions related to the crimes

that the Defendant committed.  These conditions will be restrictions on the Defendant to which the

Defendant will be required to adhere.  Violation of the conditions of supervised release resulting

in revocation may require the Defendant to serve a term of imprisonment equal to the length of the

term of supervised release, but not greater than the term set forth in Title 18, United States Code,

Section 3583(e)(3), without credit for the time served after release.  The Defendant understands

that parole has been abolished.

    d. **Mandatory Special Assessment:**  Pursuant to Title 18, United States Code, Section

3013, the Court is required to impose a mandatory special assessment of $100 per count for a total

of $300, which the Defendant agrees to pay at the time of sentencing.  Money paid by the

Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid

mandatory special assessment.

**e. Possibility of Detention:**   The Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines and Costs of Incarceration and Supervision:**   The Court may impose a fine, costs of incarceration and costs of supervision. The Defendant agrees that any fine imposed by the Court will be due and payable immediately.

**g. Forfeiture:**   The Defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The Defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the Defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

**9.   ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS**

In pleading guilty, the Defendant acknowledges, fully understands and, hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; and the right to testify and present evidence and the right to compel the

13

attendance of witnesses. The Defendant further understands that by this guilty plea, the Defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that he has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the Defendant has requested relative to the Government's case and any defenses.

## 10.   **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT**

This document constitutes the entire agreement between the Defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

**11.** **CONSEQUENCES OF POST-PLEA MISCONDUCT**

After pleading guilty and before sentencing, if the Defendant commits any crime other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office, or fails to appear for sentencing, the Government, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12.** **NO RIGHT TO WITHDRAW GUILTY PLEA**

Pursuant to Federal Rule of Criminal Procedure 11(c) and (d), the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

9/23/22
Date

_____
NINO PRZULJ
Special Assistant United States Attorney

9/23-22
Date

_____
TORION CASTON
Defendant

9/23/22
Date

_____
MARK J BYRNE   5311/5 m/
Attorney for Defendant

15